Under California law, to establish malice, it is not sufficient to show that the defendant's conduct was negligent, grossly negligent or even reckless, since such findings will not support a claim for punitive damages. See, *Flyers Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.* (1968) 185 Cal.App.3d 1149, 1154-55.

Further, punitive damages cannot be pled in conclusory terms, instead the facts supporting a claim for punitive damages must be set out clearly, concisely, and with particularity. See, *Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, 1041-42, and *Lehto v. Underground Construction Co.* (1977) 69 Cal.App.3d 933, 944.

In *Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, the court granted defendant's writ, reversing the trial court's denial of defendant's motion to strike, and after discussing improper conclusory pleading of punitive damages as set forth in *G.D. Searle* and *Brousseau*, stated:

"Here, a similar situation is presented. Plaintiff's amended complaint alleges petitioners failed to adequately represent her and her property interests in the dissolution proceeding thereby resulting in economic injury. The sole basis for seeking punitive damages is the conclusory allegations of paragraph 14. As noted above, that paragraph is devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice." Id., at 1042.

In short, merely characterizing conduct as fraudulent, malicious or oppressive is insufficient, the actual conduct pled in the complaint must meet the statutory definitions for conduct for which punitive damages may be recovered.

Turning to the factual allegations of the FAC, the Plaintiff alleges that Defendants engaged in the following conduct:

**(a)** Failed to provide Plaintiff with a written retainer agreement (*FAC ¶ 8*);

**(b)** Sent Plaintiff a letter stating:
"Approximately 50% of evictions in Southern California are uncontested;

The typical contested residential eviction, including attorneys' fees, court fees and other fees, with one bench trial appearance costs between $1,105.00 and $1,165.00 depending on the county where the premises are located;

The typical contested eviction averages 40 to 50 days from the filing of the complaint through lockout by the sheriff; and

In about 10% of Defendants' cases, a defendant will contest the eviction and engage in delaying tactics that will increase the fees and costs."
(Id. ¶ 11).

**(c)** Failed to represent Plaintiff in the UD Action within the standard of care (*Id. ¶ 23(a) & (b)*);

**(d)** Failed to keep Plaintiff advised of status of the UD litigation (*Id. ¶ 23(c)*);

**(e)** Charged "unreasonable and unnecessary fees, caused delay and unnecessary litigation, and failed to correct mistakes in pleadings (*Id. 23(d)& (g)*);

| | | |
|---|---|---|
| | | **(f)** Incorrectly named Duane Stroh individually as Plaintiff rather than the owner of the subject property, e.g. the Stroh Trust (*Id. 16(b)* & *(g)*);<br><br>**(e)** Deliberately misrepresented and concealed information about the rights and remedies of the subtenants under the Los Angeles Rent Stabilization Ordinance that would have permitted earlier settlement (*Id. ¶ 23(f)*)<br><br>**(f)** Advised Plaintiff not to accept a settlement offer before proceeding with litigation. (*Id. ¶ (f) & (g)*).<br><br>As to the conduct that would tend to fall within the fraud prong for an award of punitive damages, the FAC again fails to allege the facts as to misrepresentations or concealment by Defendants with the required level of specificity.<br><br>Plaintiff correctly notes that punitive damages may be recovered in a claim for breach of fiduciary duty. However, Plaintiff fails to cite any authority for the proposition that this dispenses with the need to plead either fraud by the fiduciary, or despicable conduct by the fiduciary in connection with malice or oppression.<br><br>Thus, based upon the conduct alleged, the allegations as to fraudulent conduct fail because they are not pled with the level of specificity required to plead fraud. Also, the Plaintiff is required to plead facts as to punitive damages with particularity. *Smith v. Superior Court*, supra at 10422.<br><br>The balance of the alleged conduct by the Defendant lawyers, even considered as a whole, is insufficient to meet the "…conduct that is so vile, wretched, and loathsome that it would be looked down upon by decent people…" test for despicable conduct. *Mock v. Michigan Miller's Mutual Ins. Co.* (1992) 4 Cal.App.4th 306, 331.<br><br>Based upon the foregoing, the court GRANTS the motion to strike.<br><br>Because it appears that the complaint could be amended to adequately allege fraudulent conduct by making more specific allegations, the court grants 10 days leave to amend.<br><br>Defendant's **Request for Judicial Notice** is GRANTED as to Items 2-4, and DENIED as to Items 1 & 5. Judicial notice is limited to the existence of, the filing of, and the legal effect of the court records, and not as to the truth of any disputed factual matter therein.<br><br>Moving party to give notice.<br><br>**Future Hearings**:<br>MSC: 2/23/18 8:30 am<br>Trial: 5/21/18 8:30 am |
| 3 | **WDI (Xiamen) Technology, Inc. vs. WDI International, Inc.**<br><br>**14-743604** | **Motion to Strike WDI's Answer and Enter Its Default**<br><br>**RULING:** Upon confirmation that counsel Thomas J. Borchard of Borchard & Callahan, APC is representing WDI International, Inc. as defendant/cross-complainant in this civil action, and as plaintiff in the related Axent matter, the motion to strike defendant WDI International, Inc.'s answer, or to dismiss its cross-complaint and/or complaint in the Axent matter, are all DENIED.<br><br>Defendant/cross-complaint/plaintiff WDI International, Inc. has now substituted in counsel and so can again defend and represent itself in this civil action. *See, Paradise v. Nolin* (1948) 86 Cal.App.2d 897, 898. |

Next, counsel for all parties are ordered to have counsel with authority to reset these matters for trial in the near future.

Finally, defendant/WDI International, Inc.'s 10 discovery motions remain set for hearing on 1-25-18, at 1:30 p.m., in Department C-33. (See, 11-3-17 Minute Order.) All briefing on these discovery motions set for hearing on 1-25-18 is to be according to code.

Except for these 10 discovery motions all other discovery dates have expired and discovery will not be reopened as set forth in the court's order of 8-18-17. (See, 10-25-17 Minute Order.)

Prevailing party to give notice.

**Request for Judicial Notice:**
Plaintiff/cross-defendant WDI (Xiamen) International, Inc., et al. requested that the court taken judicial notice of the following documents in support of their joint motion to strike the pleadings by WDI International Inc.:
Exhibit 1, Notice of Motion and Motion to Be Relieved as Counsel filed 8-24-17, Exhibit 2, Order of WDI International's Ex Parte Application filed 8-28-17, Exhibit 3, Minute Order of 10-5-17,
Exhibit 4, Minute Order of 10-12-17,
Exhibit 5, Notice of Ruling on Motion to Be Relieved as Counsel filed 10-12-17, Exhibit 6, Order Granting Attorney's Motion to Be Relieved as Counsel filed 10-17-17, and
 Exhibit 7, Proof of Service on Order Granting Motion to Be Relieved as Counsel by Mail filed 10-17-17.
GRANTED as to Exhibits 1, 2, 3, 4, 5 and 6, but such notice as to Exhibits 1, 5 and 7, is limited to the filing of these pleadings with this court but not as to any claims or contentions set forth therein. See, Evidence Code § 452(d) and Day v. Sharp (1975) 50 Cal.App.3d 904, 914.

**Future Hearings**:
Motions to Compel: 1/25/18 1:30 pm

| 4 | Jaime vs. Hussain<br><br>17-926118 | Motion to Strike Portions of First Amended Complaint<br><br>          A motion to strike may be utilized to strike punitive damages claims not supported by the facts pled in the complaint. *Woodland Production Credit Assn. v. Nicholas* (1988) 201 Cal.App.3d 123, 129.<br><br>              Plaintiff's First Amended Complaint alleges:<br><br>          **(a)**     Plaintiff retained Defendant to represent her in a medical malpractice action against Cal. Family Medical Center, Dr. Massoudian, & United Medical Imaging  (*FAC ¶ 15*);<br><br>          **(b)**     After tender of an intent to sue letter, Plaintiff received a settlement offer of $17,500.00 (*FAC ¶¶ 16 & 18*);<br><br>          **(c)**     Defendants advised Plaintiff that the settlement offer was too low. In June 2016, Defendants advised Plaintiff that a settlement had not been reached and that a lawsuit had to be filed (*FAC ¶ 19*);<br><br>          **(d)**     Plaintiff called Defendants on 07/11/16 inquiring about the lawsuit, and was told that Defendants would be filing suit immediately (*FAC ¶ 20*);<br><br>          **(e)**     Defendants failed to file the lawsuit by the 07/17/16 deadline. Defendants also failed to advise Plaintiff about the statute of limitations, or |

the fact that it was about to expire on 07/17/16. Had Plaintiff been aware of this fact, she would have hired other counsel to timely file suit (*FAC ¶ 21*);

      **(f)**    Plaintiff contacted Defendants a number of times after 07/17/17 and was advised that there was still time to file suit before the statute of limitations ran, and the lawsuit would be filed promptly (*FAC ¶ 22*);

      **(g)**    On 02/17/17, Plaintiff met with Defendants, show advised her that they had failed to timely file suit before the SOL ran, and apologized (*FAC ¶ 23*);

      **(h)**    Defendants filed suit on 02/22/17 and each defendant filed a demurrer seeking to terminate the action based upon SOL grounds (*FAC ¶¶ 24 & 25*);

      **(i)**    Defendants then dropped Plaintiff's lawsuit, failing to oppose the demurrers. The action was eventually dismissed exposing Plaintiff to costs claims by the medical provider defendants. (*Id. ¶¶ 26 & 27*).

      **Punitive Damages Based upon Fraud.** Unlike malice or oppression, a plaintiff who successfully pleads a claim based upon fraud need not show that the defendant's conduct was "despicable."

      The complaint alleges at least one incident as to misrepresentation, i.e. in a telephone conversation on 07/11/16, Plaintiff was told that Defendants would be filing suit immediately, given the 07/17/16 deadline to file suit before the statute ran. (*FAC ¶ 20*).

      Fraud must be pleaded with specificity. *Scafidi v. Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 557.

      The FAC pleads the date of the misrepresentation and mode of transmission. The actual misrepresentation arguably is not pled with specificity, but as the Defendant was a fiduciary, the misrepresentation (actually promissory fraud) is adequately alleged for purposes of a motion to strike. The speakers are identified as both Defendant Hussain and the law firm. While improbable, the court is required to consider the allegation true for purposes of this motion.

      The other elements of a claim for promissory estoppel are adequately alleged as follows:
          (ii) Plaintiff's reasonable and foreseeable reliance (*Pled in ¶ 21*);
          (iii) Defendant's failure to perform (*Pled in ¶ 23*); and
          (iv) Injury to Plaintiff as a result of the reliance (*Pled in ¶ 31 & Prayer*).

      Thus the FAC alleges a claim for fraud and deceit by a fiduciary, which is grounds for punitive damages.

      The FAC also alleges that the Defendants concealed from the Plaintiff that fact that they had not timely filed suit until after the statute of limitations had already run and Plaintiff had been injured. Paragraph 19 alleges that Hassan represented that he would timely file suit, and did not inform Plaintiff about the statute of limitations and the fact that it would expire on 07/17/16. Defendant Hassan falsely represented to Plaintiff before the statute of limitations had run that suit would be filed promptly. (*FAC ¶¶ 21 & 22*).

      Taken as a whole, this conduct of promissory estoppel and concealment is sufficient to support a claim for punitive damages under Civ. Code § 3294(c)(3).

| | | |
|---|---|---|
| | | **RULING:**<br>Defendant's Request For Judicial Notice is GRANTED. Judicial notice is limited to the existence of, filing of, and legal effect of the pleadings, but not as to the truth of any disputed factual matter therein.<br><br>Defendant Shahnaz Hussain, Individually and dba "Law Offices of Shahnaz Hussain" Motion to Strike Portions of Plaintiff's First Amended Complaint is DENIED.<br><br>Defendant to answer the Plaintiff's First Amended Complaint within ten days.<br><br>Moving party to give notice.<br><br>**Future Hearings**:<br>MSC: 3/2/18 8:30 am<br>Trial: 4/23/18 8:30 am |
| 5 | **Manos vs. The Wolf Firm**<br><br>**16-885625** | **Motion for leave to file supplemental complaint.**<br><br>*C.C.P.* § 473(a)(1) provides that: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code."<br><br>If a motion to amend is timely made, and there is no showing of prejudice, it is error to deprive a party of a meritorious cause of action or a meritorious defense. It is a rare case in which a court will be justified in refusing leave to amend. *See, Morgan v. Superior Court* (1959) 172 Cal.App.2d 527, 530.<br><br>In *Honig v. Financial Corp. of America* (1992) 6 Cal.App.4th 960, the court stated: "In the furtherance of justice, trial courts may allow amendments to pleadings and if necessary, postpone trial." *Id.*, at 965. Motions to amend are appropriately granted as late as the first day of trial, or even during trial. *Id.*, at 965.<br><br>Leave to amend can be denied where a proposed amendment fails to state a valid cause of action or defense. *California General Cas. Ins. Co. v. Superior Court* (1985) 173 Cal.App.3d 274, 281. This includes an action subject to demurrer as being barred by res judicata and/or the statute of limitations. *Yee v. Mobilehome Park Rental Review Bd.* (1998) 62 Cal.App.4th 1409, 1429.<br><br>But if further leave to amend would likely be granted, then grounds for demurrer or a motion to strike are premature, since the opposing party will have an opportunity to attack the validity of the amended pleading by way of demurrer or a motion to strike. *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048, and Rutter, *Civil Procedure Before Trial*, Section 6:644.<br><br>Defendants were already aware that plaintiff was intending to bring a cause of action for interference with contract as this cause of action was stricken from plaintiff's first amended complaint but with leave to bring a motion for leave to amend to assert the same. |

**Representative Action in Relation to Bus. & Prof. Code § 17200 Claims**

Plaintiff Manos opted out of the *Terry* class action but seeks to assert causes of action for violation of the California and federal debt collection practice's acts and a cause of action for violation of *Bus. & Prof. Code* § 17200 related thereto.

In both plaintiff Manos' second amended complaint and plaintiff's proposed third and supplemental complaint as to his fifth cause of action for violation of *Bus. & Prof. Code* § 17200, plaintiff Manos is asserting these as both individually and as representative claims.

Unless plaintiff Manos elects to dismiss all representative claims this action should be re-assigned to a complex litigation department.

Plaintiff Manos is seeking leave to file a third supplemental amended complaint. This would leave two pleadings, plaintiff's second amended complaint and plaintiff's supplemental third amended complaint. Some of the actions in the proposed third amended supplemental complaint have the same cause of action number as plaintiff's second amended complaint.

Trial courts generally require an amended complaint and not an amendment to a complaint. Rule 3.1324(c) provides that: "The court may deem a motion to file an amendment to a pleading to be a motion to file an amended pleading and require the filing of the entire previous pleading with the approved amendments incorporated into it."

Rutter notes that: "Except for amendments to change the name of a fictitiously named defendant, courts generally require amended pleadings rather than amendments to pleadings. [CRC 3.1324(c); see ¶6.622]" *See*, Rutter, Civil Procedure Before Trial, Section 6:673.

Defendant JP Morgan contends it will be prejudiced as another pleading round will impair its ability to bring a motion for summary judgment with trial set for June 2018. Any such prejudice can be alleviated by a further continuance of trial and the court may condition leave to amend on various conditions such as a continued trial date. *C.C.P.* §§ 473(a)(1) and 576 and *Honig v. Financial Corp. of America* (1992) 6 Cal.App.4th 960, 965.

**RULING:** Unless plaintiff John C. Manos elects to dismiss all representative claims asserted in his present civil action, this civil action will be ordered reassigned to the Complex Department that handles representative claims.

Assuming plaintiff John Manos elects to dismiss all representative claims in this action, plaintiff Manos' motion for leave to file a third amended and supplemental complaint is GRANTED, on the condition that plaintiff is to file a third amended complaint with all causes of action in his second amended complaint and proposed third amended supplemental complaint being set forth in a single third amended complaint. *C.C.P.* § 473(a)(1).

The court elects not to have two pleadings in this action.

The court has not addressed the merits of the defenses raised by defendants JP Morgan or Select Portfolio, or that could be raised by any of the other defendants. Instead the court awaits any challenges to the single third amended complaint with all causes of action set forth. *See*, *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048.

Plaintiff John Manos is to e-file and serve any such third amended complaint within 10 court days from the hearing date on this motion.

| | | |
|---|---|---|
| | | In addition, as condition of leave to amend, the court will entertain a further continuance of the trial in this civil action if one or more of the defendants so request at the hearing on this motio. See, C.C.P. §§ 473(a)(1) and 576 ; Honig v. Financial Corp. of America (1992) 6 Cal.App.4th 960, 965.<br><br>Prevailing party to give notice.<br><br>**Future Hearings**:<br>Demurrer: 2/15/18<br>MSC: 5/18/18 8:30 am<br>Trial: 6/18/18 8:30 am |
| 6 | **Walton vs. Villa**<br><br>**17-938681** | **Motion for Leave to file First Amended Complaint**<br>The court has broad discretion to grant leave to amend under CCP 473(a)(1), and there is a strong policy favoring liberal granting of amendments (Rutter Group, *Civil Procedure Before Trial*, Chapter 6-E, Section 6:638).<br><br>This policy is so strong that denial is error absent untimeliness or prejudice to the opposing party.  (*Id.* at Section 6:639.)<br><br>Here, Moving Partyy has shown why the amendment is necessary.  (Szkopek Decl. in support of motion, Para. 3.)<br><br> There is no Opposition and no showing by any defendant of any prejudice if the amendment is granted.<br><br>Moving Party here attached the proposed First Amended Complaint as an exhibit rather than lodging a copy.  Thus, it cannot be deemed filed and served.<br><br>**RULING**:<br>The motion by plaintiffs Kevin Walton and Laurie F. Walton for leave to file a First Amended Complaint is granted.  (CCP 473(a)(1).)<br><br>Moving parties attached a copy of the proposed First Amended Complaint as an exhibit to the moving papers, which cannot be detached for filing.<br><br>Moving parties are ordered to electronically file a new original pleading within 10 days and to serve it on defendants forthwith.<br><br> Moving parties to give notice.<br><br>2. **CMC set for this date**<br><br>**Future Hearings**:<br>None |
| 7 | **White vs. Spring Valley Post Acute, LLC**<br><br>**17-920252** | Off calendar.  Case stayed until 02/01/2018.<br><br>**Future Hearings**:<br>Status Conference: 2/1/18 8:30 am<br>MSC: 12/8/17 8:30 am<br>Trial: 1/8/18 8:30 am |
| 8 | **Brailsford vs. Florio**<br><br>**16-854377** | **Motions to be relieved as Counsel.**<br><br>Attorney N. Denise Taylor and her firm, Taylor Blessey LLP's motions to be relieved as counsel of record for defendants Verna G. Tiegs, M.D. and The Breast Care and Imagining Centers of Orange County is CONTINUED to January 18, 2018 at 1:30 PM. |