DEPARTMENT C33 LAW AND MOTION
Judge James L. Crandall

APPEARANCES:
If counsel wish to submit on the tentative ruling please call the court clerk (657-622-5233) to notify the court that all parties are submitting on the tentative and no appearance will be necessary. The tentative will then become the final ruling.

If no one appears at the hearing the tentative will be the final ruling. Either side may appear and argue the court's tentative ruling.

**PREVAILING PARTY SHALL GIVE NOTICE OF THE FINAL RULING TO EACH PARTY and PREPARE AN ORDER/JUDGMENT FOR THE COURT'S SIGNATURE IF THE MOTION IS DISPOSITIVE OF A PARTY OR THE CASE.**

**This court will not provide a court reporter for law and motion matters. Please see court web site for further details.**

TENTATIVE RULINGS ON LAW & MOTION MATTERS

Date: October 12, 2017 at 01:30 PM

| # | Case Name | Tentative |
|---|-----------|-----------|
| 1 | White vs. Spring Valley Post Acute LLC<br><br>17-920252 | DEMURER TO 1ST AND 2ND CAUSES OF ACTION<br>MOTION TO STRIKE PUNITIVE DAMAGES<br><br>1. **First Cause of Action for Elder Abuse.**<br>In an Elder Abuse action, the plaintiff must plead facts with particularity when seeking the Act's statutory remedies. *Carter v. Prime Healthcare Paradise Valley, LLC* (2007) 158 CA4th 226.<br><br>*Welfare & Institutions Code* § 15610.57(a) defines neglect as either of the following:<br><br>➤ The negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise.<br><br>➤ The negligent failure of an elder or dependent adult to exercise that degree of self care that a reasonable person in a like position would exercise."<br><br>*Welfare & Institutions Code* § 15610.57(b) states neglect includes such things as:<br><br>➤ Failure to assist in personal hygiene, or in the provision of food, clothing, or shelter.<br><br>➤ Failure to provide medical care for physical and mental health needs. No person shall be deemed neglected or abused for the sole reason that he or she voluntarily relies on treatment by spiritual means through prayer alone in lieu of medical treatment.<br><br>➤ Failure to protect from health and safety hazards. |

> ➢ Failure to prevent malnutrition or dehydration.

*Welfare & Institutions Code* § 15610.05 defines abandonment as "the desertion or willful forsaking of an elder or a dependent adult by anyone having care or custody of that person under circumstances in which a reasonable person would continue to provide care and custody."

In *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 CA4th 396, the court summarized the general rules on stating a cause of action for elder abuse.  The court noted the allegations must establish the following (and the plaintiff must ultimately prove the allegations by clear and convincing evidence.)

1. The defendant had responsibility for meeting the basic needs of the elder or dependent adult, such as nutrition, hydration, hygiene or medical care (Welf. & Inst.Code, §§ 15610.07, subd. (b), 15610.57, subd. (b); *Delaney, supra,* 20 Cal.4th at p. 34, 82 Cal.Rptr.2d 610, 971 P.2d 986);

2. The defendant knew of conditions that made the elder or dependent adult unable to provide for his or her own basic needs ( *Sababin, supra,* 144 Cal.App.4th at pp. 85, 90, 50 Cal.Rptr.3d 266; *Benun, supra,* 123 Cal.App.4th at p. 116, 20 Cal.Rptr.3d 26; *Mack, supra,* 80 Cal.App.4th at pp. 972–973, 95 Cal.Rptr.2d 830); and

3. The defendant denied or withheld goods or services necessary to meet the elder or dependent adult's basic needs, either with knowledge that injury was substantially certain to befall the elder or dependent adult (if the plaintiff alleges oppression, fraud or malice) or with conscious disregard of the high probability of such injury (if the plaintiff alleges recklessness) (Welf. & Inst.Code, §§ 15610.07, subd. (b); 15610.57, subd. (b), 15657; *Covenant Care, supra,* 32 Cal.4th at pp. 783, 786, 11 Cal.Rptr.3d 222, 86 P.3d 290; *Delaney,* at pp. 31–32, 82 Cal.Rptr.2d 610, 971 P.2d 986).

The plaintiff must also allege (and ultimately prove by clear and convincing evidence) that the neglect caused the elder or dependent adult to suffer physical harm, pain or mental suffering. (Welf. & Inst.Code, §§ 15610.07, subds. (a), (b), 15657; *Perlin, supra,* 163 Cal.App.4th at p. 664, 77 Cal.Rptr.3d 743; *Berkley, supra,* 152 Cal.App.4th at p. 529, 61 Cal.Rptr.3d 304.) Finally, the facts constituting the neglect and establishing the causal link between the neglect and the injury 'must be pleaded with particularity,' in accordance with the pleading rules governing statutory claims. *(Covenant Care,* at p. 790, 11 Cal.Rptr.3d 222, 86 P.3d 290.)"   See, *Carter* at 406 to 407.

Here, the allegations are sufficient to state a claim for Elder Abuse.

Plaintiff has alleged defendant had responsibility for meeting the basic needs of plaintiff (paragraph 18).

Plaintiff has alleged defendant knew of conditions that made plaintiff unable to provide for his own basic needs (paragraphs 18 and 20.)

Plaintiff has alleged defendant denied or withheld services necessary to meet plaintiff's needs, either with knowledge that injury was substantially certain to befall plaintiff or with conscious disregard of the high probability of such injury (paragraphs 21 through 64.)

**Demurrer to 1st Cause of Action is overruled**

**2. Second cause of action for negligent hiring and retention**
Moving Party contends this cause of action fails as there are no allegations as to what the staff members did or when the alleged action took place.  There are no specific facts as to how defendants failed to investigate and evaluate its staffs' background prior to hiring them.

The relevant allegations are as follows:
> 67. That the DEFENDANTS negligently hired, supervised and/or retained employees including Maria Abella, Jeneeya Allison, Elizabeth Alcaraz, Andrew Anthony, Esmeralda Araoarao, Tamimah Barnes, Willie Barnes, Gabriela Becerra, Brian Bernard, Geri Bruce, Tony Buggs, Tristen Buggs, Christina Burke, Tara Camarena, Sarah Carruthers, Ashley Castro, Gemma Castro, Blancoa Cepeda, Wendy Chavarria, Tracy Chiara, Yessena Correa, Shauna Crudupt, June Daly, Monique Evans, Regina Evans, Maria Felix, Elizabeth Garcia, Daisy Gastelum, Shawna Glenn, Clara Gray, Brittani Harris, Veronica Harrison, Abui Hasson, Maria Hernandez, Sheri Hurd, Amanda Johnston, Laneisha Key, Bridget Langie, Corlisa Lay, Emma Loveless, Andrea Lujan, Christine Macon, Adam Marmarlejo, Lorene Merritt, Tlaloc Montes, Victoria Ramilla, Alanna Rangel, Leila Rios, Teresa Rios, Jaquieline Robinson, Martha Rodriguez, Elizabeth Sanchez, Garima Seghal, Dijonnaise Tilford, Theresa Ward, Angelique Williams, Timothy Cooley, Leila Rios and many certified nursing assistants, registered nurses, licensed vocational nurses and others whose names are presently not known to WALTER WIDTE but will be sought via discovery.

> 68.  That in fact [names the same individuals above] were unfit to perform their job duties and the DEFENDANTS knew, or should have known, that that they were unfit and that this unfitness created a risk to elder and infirm residents of the FACILITY such as WALTER WHITE.

> 69. This knowledge on the part of the DEFENDANTS was, or should have been, acquired by the DEFENDANTS through various mechanisms including the pre-employment interview process, reference checks, probationary period job performance evaluations, other periodic job performance evaluations and/or disciplinary processes.

> 70. The DEFENDANTS failed to properly and completely conduct a comprehensive pre-employment interview process and reference checks as to [the individuals identified in paragraph 67] Had the DEFENDANTS done so they would have discerned that these persons were unfit to perform their job duties in a licensed skilled nursing facility in California.

> 71. The DEFENDANTS failed to properly and completely conduct, and thereafter ignored the content of, probationary period job performance evaluations, other periodic job performance evaluations and/or disciplinary processes as to [the individuals identified in paragraph 67] and had the DEFENDANTS done so they

would have discerned that these persons were unfit to perform their job duties in a licensed skilled nursing facility in California.

72. That as the result of the unfitness of [the employees identified in paragraph 67] WALTER WHITE was injured in an amount and manner to be proven at time of trial.

The elements of a claim for negligent hiring, supervision or retention are:

1. The employee was unfit or incompetent to perform the work for which he or she was hired;

2. The defendant knew or should have known that the employee was unfit or incompetent and that this created a risk to others;

3. The employee's unfitness or incompetence harmed the plaintiff; and

4. The defendant's negligence in hiring, supervising or retaining the employee caused the plaintiff's harm. (CACI 426.)

The allegations are a bit conclusory, but unlike the statutory claim for Elder Abuse asserted in the first cause of action, there is no requirement to plead this claim with specificity.  Courts recognize modern discovery 0procedures have generally obviated the need to require specificity in pleading.  *Ludgate Ins. Co. v. Lockheed martin Corp.* (2000) 82 CA4th 952.  It is permissible to alleged ultimate facts to support a claim.  *Krug v. Meehan* (1952) 109 CA2d 274, 277.  Plaintiff has alleged ultimate facts.  Any further details of the allegations may be obtained through discovery.

**The Demurrer to the 2nd Cause of Action is overruled.**

**3. Motion to strike Punitive damages and attorney fees.**

**Punitive Damages.**
As the Complaint adequately alleges a claim for willful physical injury, punitive damages are available by statute (Welf. & Inst. Code § 15657(A)).

**Attorney's Fees**.
California subscribes to the "American Rule". i.e. each side bears their own legal fees, absent an agreement, or statute that provides otherwise. CCP § 1021.  Here, as the cause of action for willful violation of the Elder Abuse Act survives the demurrer, the enhanced remedy of attorney's fees (Welf. & Inst. Code § 15657(a)) survives as well.

**RULING:**
Defendants Spring Valley Post Acute LLC and Meridian Management Services' demurrer to the first cause of action of the complaint is overruled in its entirety.  Plaintiff has stated sufficient facts to support the claim for Elder Abuse.  The allegations contain the required "particularity" and each of element of the claim has been properly stated.

The demurrer to the second cause of action for negligent hiring, retention, etc. is overruled.

The motion to strike is denied.  Plaintiff has properly alleged a claim for Elder Abuse and is therefore entitled to seek the enhanced remedies of

| | | |
|---|---|---|
| | | punitive damages and attorney fees.<br><br>Defendants shall file and serve an answer within ten (10) days.<br><br>Plaintiff to give notice.<br><br>**Future Hearings**:<br>MSC: 4/13/18 8:30 am<br>Trial: 5/14/18 8:30 am |
| 2 | **Celo vs. New Penn Financial, LLC**<br><br>**16-872609** | Both demurrers are continued to 10/26/17.<br><br>**Future Hearings**:<br>MSC: 1/19/18 8:30 am<br>Trial: 2/20/18 8:30 am |
| 3 | **Manos vs. The Wolf Firm**<br><br>**16-885625** | **Demurrer to First Amended Complaint**<br>Motion #1: defendants RCO Legal P.S. and Northwest Trustee Services, Inc.;<br>Motion #2: defendants JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly sued as Chase Home Finance – TX), and WAMU Asset Acceptance Corporation;<br>Motion #3: defendant The Wolf Law Firm;<br>Motion #4: defendant Select Portfolio Servicing, Inc.<br><br>1. The hearing on the demurrer by defendants RCO Legal P.S. and Northwest Trustee Services, Inc. is **continued** to November 9, 2017 as these moving parties failed to comply with CCP 430.41. The parties are ordered to comply with CCP 430.41 and these defendants are ordered to file a declaration compliant with CCP 430.41 at least nine court days prior to the continued hearing date.<br><br>2, 3, &4. The general demurrers by defendants JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly sued as Chase Home Finance – TX), WAMU Asset Acceptance Corporation, The Wolf Law Firm, and Select Portfolio Servicing, Inc. to the entire First Amended Complaint, are **overruled**.<br><br>As to defendants' *res judicata* argument, a demurrer can be used only to challenge defects that appear on the face of the pleading, or from matters outside the pleading of which judicial notice has been properly requested. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) However, no moving party has requested judicial notice of any documents which would support their *res judicata* argument; thus, this argument thus raises issues outside of the pleadings, which are not properly considered on demurrer.<br><br>As to defendants' tender argument, the tender rule does not apply to claims arising post-foreclosure.<br><br>As to defendant The Wolf Firm's immunity argument, this moving party does not cite any authorities applying this immunity at the pleading stage; furthermore, this immunity is qualified, not absolute.<br><br>The **demurrers** by defendants JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly sued as Chase Home Finance – TX), WAMU Asset Acceptance Corporation, The Wolf Law Firm, and Select Portfolio Servicing, Inc. **to the first cause of action** for quasi-contract/unjust enrichment/restitution and **fourth cause of action** for declaratory and injunctive relief are **sustained**, with leave to amend, on grounds of failure to state facts sufficient to constitute a cause of action. (CCP 430.10(e).) |

| | | |
|---|---|---|
| | | Plaintiff has not pled a sum certain owed by these defendants, and/or facts showing that any defendant is unjustly retaining funds at plaintiff's expense [as opposed to funds which should have been paid to a third party]. (*Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460.)<br><br>As to plaintiff's fourth cause of action, plaintiff Manos' unfair practice's claims are derivative of his other causes of action. *See*, *Ochs v. PacificCare of California* (2004) 115 Cal.App.4th 782, 794.<br><br>On its own motion, **the court strikes the second cause of action** for intentional interference with contract. (CCP 436(b).) Plaintiff added this cause of action to the First Amended Complaint without leave of court.<br><br>Plaintiff is granted 20 days leave to amend, which time will not begin to run until after the demurrer by defendants RCO Legal P.S. and Northwest Trustee Services, Inc. is heard.<br><br> Moving parties to give notice. |
| 4 | Gomez vs. Silverlake<br><br>17-906865 | **Motions No. 1 – 6, To Compel Further Responses to Form & Special Interrogatories.**<br><br>Defendants Perry LR. Silverlake, and Silverlake West Company, Inc.'s Motions to Compel Further Responses to Form Interrogatories and  Special Interrogatories against each of the three plaintiffs are CONTINUED to 11/30/17, to be heard after the pending Motion to Stay Action set for hearing on 11/16/17.<br><br>The court suggest that Plaintiffs' counsel may wish to consider preparing a privilege log identifying: (i) Each document and communication for which a privilege is claimed; (ii) The specific privilege claimed; (iii) The author; (iv) The recipient; (v) The date; and (vi) The nature of the document/communication such that the court can conduct a meaningful determination as to the validity of such objection.<br><br>No further briefing unless Plaintiff wishes to file and serve a privilege log before the continued hearing date.<br><br>Moving party to give notice.<br><br>**Future Hearings**:<br>MSC: 1/19/18 8:30 am<br>Trial: 2/20/18 8:30 am |
| 5 | WDI (Xiamen) Technolody, Inc. vs. WDI International, Inc.<br><br>14-743604 | The **motion to withdraw** by attorneys Mark Magarian, Krista L. DiMercurio and Magarian & DiMercuio, APC as counsel for defendant/cross-complainant WDI International, Inc. is GRANTED. This withdrawal will take effect upon filing with this court of a properly served order, reflecting the present trial of 12-11-17 and the continued discovery motions set for hearing on 11-16-17, on defendant WDI International, Inc. by moving parties. *See*, Rule 3.1362.<br><br>The court notes that defendant/cross-complainant WDI International, Inc. will need to retain counsel to represent it if defendant/cross-complainant wishes to continue to defend itself in this civil action and/or prosecute its cross-claims in this civil action. *See*, *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898.<br><br>Attorneys Mark Magarian, et al. to give notice. |

| | | |
|---|---|---|
| | | [NOTE: There were 10 discovery motions by defendant/cross-complaint WDI set for hearing on 10-12-17. These 10 discovery motions are **continued to 11-16-17** on the court's motion in light of WDI being a corporation and its counsel was moving to withdraw, which was also set for hearing on 10-12-17.<br><br>The 10 discovery motions are **continued** to allow defendant/cross-complaint to substitutes in other counsel to represent it in this civil action. Otherwise, as a corporation, defendant/cross-complainant WDI cannot defend this civil action or prosecute its cross-complaint. *See, Paradise v. Nolin* (1948) 86 Cal.App.2d 897, 898.]<br><br>**Future Hearings**:<br>Motions: 11/16/17<br>Trial: 12/11/17 8:30 am |