Case No. 8:18-cv-138-JLS-JDE                                      Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:** (IN CHAMBERS)  **ORDER (1) DENYING PLAINTIFF'S MOTION FOR REMAND (Doc. 28); AND (2) GRANTING DEFENDANT JP MORGAN CHASE BANK'S MOTION TO DISMISS AS TO FOURTH CAUSE OF ACTION (Doc. 20); AND DECLINING TO RULE ON MOTIONS TO DISMISS STATE CLAIMS.**

     Before the Court is a Motion to Remand filed by Plaintiff John C. Manos.  (Mot., Doc. 28).  Defendants Chase Home Finance-TX, JPMorgan Chase Bank, N.A., and WaMu Asset Acceptance Corp. ("the Chase Defendants") opposed, and Manos replied.  (Opp., Doc. 36; Reply, Doc. 39.)  Also before the Court are three Motions to Dismiss[1] filed by the Chase Defendants (Doc. 20), Defendant the Wolf Firm (Doc. 17), and Defendant Select Portfolio Servicing, Inc. (Doc. 14).  Manos opposed each of these motions.  (Opp. to Chase MTD, Doc. 32; Opp to Wolf Firm MTD, Doc. 30; Opp. to Select Portfolio MTD, Doc. 31.)  The Chase Defendants, the Wolf Firm, and Select Portfolio each replied.  (Chase Reply, Doc. 37; Wolf Firm Reply, Doc. 34; Select Portfolio Reply, Doc. 35.)  Having read and considered the papers and having heard oral

---

[1] Five of seven defendants move to dismiss the lawsuit; the Court refers to these defendants collectively as the Moving Defendants.  The two other defendants, RCO Legal, P.S., formerly known as Routh, Crabtree & Olson P.S., and Northwest Trustee Services, Inc., did not file a timely response to the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), and the clerk entered default against them on February 6, 2018.  (Doc. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:18-cv-138-JLS-JDE                                    Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.

argument, the Court DENIES Manos' Motion to Remand and GRANTS the Chase Defendants' Motion to Dismiss as to Manos' fourth cause of action, for violation of the Fair Debt Collection Practices Act.

## I.  BACKGROUND

### A.  Factual Background

This case arises from the foreclosure of Manos's property in Agoura Hills, California.  Manos purchased the property in 1994, and subsequently improved it.  (TAC ¶ 66, Doc. 1-1.)  To finance the improvements, Manos refinanced the property a number of times.  (*Id*.)  Most relevant to this lawsuit are a refinance loan in the amount of $650,000 and a home equity line of credit in the amount of $1,000,000, made on May 10, 2007 by Washington Mutual Bank.  (*Id*. ¶ 70.)  Manos alleges that the $650,000 loan was a refinancing transaction that should have "paid off and discharged" all prior liens, "including but not limited to . . . 26 October 1999, 26 October 2004, and 10 November 2004 recorded deeds of trust."  (*Id*. ¶ 72.)  He alleges that through a series of transactions, the loans were sold to the "WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust" with "WaMu Asset as the depositor; La Salle Bank National Association as the QSPE trustee; Christiana Bank and Trust Company as Delaware Trustee; and [Washington Mutual Bank] as the Servicer."  (*Id*. ¶ 75.)  From July 2007 through July 2009, Manos received monthly mortgage statements and made monthly payments to Washington Mutual Bank and JPMorgan following its acquisition of Washington Mutual Bank.  (*Id*. ¶ 82.)  Between November 2010 and May 2011, Manos failed to make some monthly payments on time and was assessed late fees and other fees.  (*Id*. ¶ 83.)  Manos alleges that JPMorgan "failed to properly credit" some of his payments and "imposed an escrow and advanced payments for taxes and force-placed insurance."  (*Id*.)  Manos continued to make payments from June 2011 through May 2012, but did not bring his accounts current.  (*Id*. ¶ 84.)

In August 2012, a "subservicing agent" of JPMorgan coded the mortgage as in default.  (*Id*. ¶ 85.)  Manos alleges that in order to do so, the unnamed subservicing agent

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:18-cv-138-JLS-JDE                                        Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.
_____

"prepared and recorded a bogus assignment of deed of trust in order to fabricate standing to foreclose in the name of JP Morgan." (*Id*. ¶ 86.)  The loan was referred to the Wolf Firm, with a direction that the foreclosure be conducted in the name of the Trustee of the 2007 HY7 Trust.  (*Id*. ¶ 88.)

On December 26, 2012, the Wolf Firm sent a letter to Manos regarding foreclosure of the property.  (*Id*. ¶ 90.)  Because the Wolf Firm was "neither the creditor nor the trustee" of the loan at the time it sent the letter, Manos alleges that the Wolf Firm "was acting solely as an attorney-debt collector and default servicer hired by JP Morgan." (*Id*.)  Manos further alleges that on January 18, 2013, the Wolf Firm prepared a "substitution of trustee form and appointed itself as the substituted trustee."  (*Id*. ¶ 91.)  In February 2013, the Wolf Firm recorded a Notice of Default with an inflated past due amount, and in July recorded a Notice of Trustee sale for August 1, 2013 to satisfy an estimated unpaid balance of $705,469.51.  (*Id*. ¶¶ 93-94.)

Manos alleges that the Defendants then "devised a series of fictitious acts and fraudulent schemes to proceed with the foreclosure" upon their realization that the property was "still encumbered by the 10 November 2004 senior lien in favor of Chase Manhattan Mortgage Bank, USA."  (*Id*. ¶ 95.)  Ultimately the property was sold at a foreclosure sale.  (*Id*. ¶ 104.)

Manos received a letter from JPMorgan in February 2014 asserting that the home equity line of credit lien had been extinguished by the senior lien holder Select Portfolio, and that it was "currently working with foreclosure counsel to obtain the surplus from the first lien."  (*Id*. ¶ 108.)  In November 2014, an attorney for non-party Tara Borelli, whose connection to this lawsuit is not explained in the complaint, received an email from a representative of the Wolf Firm stating that the property had been sold for $1,345,000, $742,496.73 of which was used to pay the debt to the first trust deed holder and $601,841.33 of which was disbursed to the junior lien holder.  (*Id*. ¶ 109.)  Ms. Borelli's attorney received an email in December 2014 from the Wolf Firm indicating that a check in the amount of $601,841.33 had been issued and cashed to JPMorgan.  (*Id*. ¶ 110.)  JPMorgan allegedly informed Manos that it had received only $1,841.33 from the Wolf Firm.  (*Id*. ¶ 111.)  Manos alleges that JPMorgan referred the home equity line of credit for collection and recovery by Defendant RCO.  (*Id*. ¶ 112.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-138-JLS-JDE                                  Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

### B. <u>2013 State Court Proceedings</u>

On October 2, 2013, Manos filed a complaint in Los Angeles County Superior Court against, amongst, other defendants, JPMorgan Chase Bank, N.A., Chase Banks USA, N.A., and Select Portfolio Servicing, Inc.[2] (State Court Complaint, RJN Ex 1, Doc. 15-1 at 2.) The underlying facts include allegations that the impending foreclosure sale was improper because the defendants relied upon a fraudulent assignment and therefore could not demonstrate complete chain of title to show contractual authority to conduct the sale. (State Court Complaint ¶ 38.) The complaint sought declaratory relief that "Defendants, individually and/or jointly and severally, are not the present holder in due course or beneficiaries of the subject note and DOT" and therefore "are not the real parties in interest, do not have standing, and are not entitled to accelerate the maturity of any secured obligation and sell the subject property." (*Id.* ¶ 58.) The complaint also sought injunctive relief and to quiet title, and brought claims for unfair business practices, breach of implied covenant of good faith and fair dealing, fraud, negligence, and violation of state recordation laws. (*See generally* State Court Complaint.) On its face, the complaint brought each claim against all defendants.

On January 29, 2014, the State Court sustained the demurrer of Select Portfolio, JPMorgan, and defendant California Reconveyance Company. (RJN Ex 3, Doc. 15-5 at 3.) The court held as follows: "a borrower has no standing to challenge the securitization of a loan, and no tender was alleged or offered;" "[t]here is no basis for declaratory (1st cause of action) or injunctive relief (3rd cause of action); "[t]rustee sale has been completed and quiet title (2nd cause of action) is not appropriate; "[t]here is no fiduciary duty between a lender and borrower;" there is no basis for the remaining causes of action. (*Id.*) The court sustained the demurrer without leave to amend.

Manos appealed the state court judgment, alleging that the trial court erred in denying him leave to amend. (RJN Ex. 5, Doc. 15-7 at 2, 6.) His appeal contended that

---

[2] The Court takes judicial notice of the state court docket in this matter. It takes notice of the existence of the pleadings, but not of the truth of the allegations therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-138-JLS-JDE                                          Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

he could add allegations that his home was sold and he suffered damages in an amount that offset the balance due on the loan, so he should be able to add claims for violation of the California Homeowner Bill of Rights, breach of contract, and wrongful foreclosure. (*Id*. at 6-7.) The appeals court upheld the denial of leave to amend because "Manos' proposed amendments do not state claims against the defendants." (*Id*. at 7.) Specifically, the appeals court held that Manos's claims of violations of the Homeowner Bill of Rights "rest[ed] entirely on Manos' allegation that the defendants lacked authority to foreclose under the deed of trust." (*Id*. at 9.) Because he did not "allege or propose to allege that he was a party to the assignment of his loan to the securitized Trust," he lacked standing to challenge the validity of the assignment pursuant to *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013). The appeals court found that Manos' proposed breach of contract and wrongful foreclosure claims would fail as a matter of law due to the same deficiency. (*Id*. at 11-12.) No further appeals were taken.

### C. 2016 State Court Proceedings

On November 7, 2016, Manos brought the current action in Orange County Superior Court, including causes of action for (1) quasi-contract and/or tort for unjust enrichment; (2) breach of contract; (3) implied covenant of good faith and fair dealings; (4) unfair business practices; and (5) declaratory and injunctive relief. (Notice of Removal Ex. 7, Doc. 1-7.) On July 7, 2017, the court sustained Select Portfolio's demurrer to the original Complaint and took judicial notice of the prior state court and appeals court decisions. (RJN Ex. 6, Doc. 15-8 at 3.) Manos then amended his complaint. On October 12, 2017, the state court sustained the demurrers of defendant RCO, Northwest, the Chase Defendants, the Wolf Firm, and Select Portfolio to Manos' First Amended Complaint, granting leave to amend as to two causes of action and striking one cause of action because it was added to the FAC without leave of court. (Notice of Removal Ex. 7, Doc. 1-25 at 122.) As to arguments that res judicata barred the action, the court held that "no moving party ha[d] requested judicial notice of any documents which would support their res judicata arguments; thus, this argument thus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-138-JLS-JDE                                            Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

[sic] raises issues outside of the pleadings, which are not properly considered on demurrer." (*Id.* at 126.)

Manos filed a Second Amended Complaint. (Notice of Removal Ex. 7, Doc. 1-27 at 9.) He then moved to file a "third amended and supplemental" complaint. (*Id.* at 144.) In part, Manos stated that he had recently opted out of a class in *Terry v. JP Morgan*, a class action alleging violations of fair debt collection laws, and wished to assert those *Terry* opt-out claims as "supplemental claims" to the action. (Notice of Removal Ex. 7, Doc. 1-28 at 23.) A "third amended and supplemental complaint," including a claim for violation of the federal Fair Debt Collection Practices Act, was attached to the motion. (*Id.* at 78.) JPMorgan opposed the motion. (Notice of Removal Ex. 7, Doc. 1-29 at 1.) The court ruled that it would not entertain both a second amended complaint and a third amended and supplemental complaint. (Notice of Removal Ex. 7, Doc. 1-31 at 6.) It granted leave to file a third complaint, "[a]ssuming that plaintiff John Manos elects to dismiss all representative claims in this action" and "on the condition that plaintiff is to file a third amended complaint with all causes of action in his second amended complaint and proposed third amended complaint and proposed third amended supplemental complaint being set forth in a single third amended complaint." (*Id.*)

Manos filed a Third Amended Complaint on December 26, 2017, against defendants the Wolf Firm, RCO Legal, P.S. formerly known as Routh, Crabtree & Olsen P.S., Northwest Trustee Services, Inc., JPMorgan Chase Bank N.A., Chase Home Finance-TX, Select Portfolio, WaMu Asset Acceptance Corp., and Does 2-10.[3] (TAC, Doc. 1-1.) The TAC brought the following claims:

1) Quasi-contract and/or tort claim for unjust enrichment against the Chase Defendants, Select Portfolio, the Wolf Firm, RCO and Northwest;
2) Interference with contract against the Chase Defendants, Select Portfolio, RCO, and Northwest;

---

[3] JPMorgan Chase Bank brings its motions, oppositions, and replies "for itself and as successor by merger to Chase Home Finance, LLC (sued incorrectly as Chase Home Finance-TX") . . . and WaMu Asset Acceptance Corp. This Order shall refer to these three defendants collectively as "the Chase Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:18-cv-138-JLS-JDE                                         Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

3) Violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code section 1788, against the Chase Defendants, RCO, and Northwest;
4) Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. section 1692, against the Chase Defendants, RCO, and Northwest;
5) Violation of California Business & Professions Code section 17200 (UCL), against the Chase Defendants, RCO, and Northwest; and
6) Declaratory judgment as to all defendants.

Defendants filed a Notice of Removal in this action on January 24, 2018.  (Doc. 1.)

Manos now moves to remand, and defendants Chase (on behalf of JPMorgan Chase Bank, N.A. and WaMu Asset Acceptance Corp.), Select Portfolio, and the Wolf Firm move to dismiss.

## II.    LEGAL STANDARD

### A. Motion to Remand

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A defendant must file its notice of removal of a civil action "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(c)(3).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                                                Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.
_____

### B. <u>Motion to Dismiss</u>

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In ruling on a 12(b)(6) motion, a court may "consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) (quoting *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal quotation marks omitted)).

### III.  <u>DISCUSSION</u>

The Court first addresses Manos' Motion to Remand before turning to the merits of the Motions to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-138-JLS-JDE                                    Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

### A. **Motion to Remand**

The parties agree that there is no diversity in this action; accordingly, federal jurisdiction is based solely upon the federal question raised by Manos' FDCPA claim first brought in his TAC. According to Manos, there are three events prior to his filing of the TAC that triggered the 30-day clock for a defendant to remove: 1) an email on October 31, 2017 from Manos' counsel informing opposing counsel of their intent to add federal claims to the complaint; 2) Manos' November 8, 2017 Motion for Leave to File Third Amended and Supplemental Complaint, to which the proposed complaint was attached; and 3) the state court's December 14, 2017 ruling granting leave to amend. (MTR at 8.) Manos argues that based on any of these three communications or filings, the January 24, 2018 removal is untimely. (*Id*.) Manos further contends that the Chase Defendants waived their right to removal by challenging the merits of the FDCPA claim in its opposition to his Motion for Leave. (*Id*. at 12.) The Court concludes that each of these arguments is unavailing.

California courts are in agreement that where a defendant removes a complaint based upon amendments to that complaint, the 30-day removal clock starts to run no earlier than when a court grants leave to amend. *See, e.g.*, *Torres v. Chevron U.S.A. Inc.*, 04-cv-2523-SBA, 2004 WL 2348274, at *2 (N.D. Cal. Oct. 18, 2004); *Brewer v. Hatton*, No. 17-CV-02900-JSC, 2017 WL 3635824, at *1 (N.D. Cal. Aug. 24, 2017). Manos cites no California authority that would support that either counsel's October email or the November filing of the Motion for Leave would trigger the 30-day clock, and the Court is persuaded that neither action constitutes "other paper" sufficient to trigger the removal deadline.

Moreover, the Court concludes that the removal clock does not start to run until the proposed amended pleading becomes operative; that is, the proposed amended complaint must be filed before the clock begins to run. *See Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (holding that "removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative"). In instances where a court's grant of a motion for leave to file an amended complaint

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                          Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.
_____

functions to make that proposed complaint operative—for instance, where the order granting leave also deems a proposed pleading filed—then the granting of the motion for leave also functions to make the complaint operative and effective.  Courts have found removal improper where defendants have removed prior to the actual filing of an amended pleading.  *See, e.g.*, *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011); *Jones v. G2 Secure Staff, LLC*, No. 17-cv-00061-SJO (SS), 2017 WL 877293, at *2-3 (C.D. Cal. Mar. 6, 2017) (holding that the proposed complaint did not constitute "other paper").  In this case, the grant of leave to amend was explicitly conditioned on Manos submitting a new amended complaint that combined the issues addressed in both the Second Amended and proposed Third Amended and Supplemental Complaint.  Thus, the complaint did not become operative until Manos actually filed it on December 26, 2017—starting the 30-day removal clock.  Accordingly, the January 24, 2018 removal was timely.

      Because the case did not become removable until December 26, 2017, the Chase Defendants' actions in opposing the Motion for Leave on substantive grounds do not act as a waiver of their right to remove.  *See Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).  The Chase Defendants cannot possibly have waived a right to remove when such right did not exist.

      Accordingly, Manos' Motion to Remand is DENIED.

### B. Motion to Dismiss

      The majority of Manos' claims sound in state law; the Court's jurisdiction is premised on a single federal question, that of whether the Chase Defendants and defaulting Defendants RCO and Northwest violated the FDCPA.  The Court will consider this claim first.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-138-JLS-JDE                                         Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

### 1. **Res Judicata**

All three Motions to Dismiss assert that res judicata bars this entire action. (Chase Mem., Doc. 20 at 15-18; Select Portfolio Mem., Doc. 14-1 at 11-14; Wolf Firm Mem., Doc. 17-1 at 15-17.) Of the Moving Defendants, the FDCPA claim implicates only the Chase Defendants.

"A federal court is required under 28 U.S.C. § 1738 to look to the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1143 (9th Cir. 2004). Under California law, "[r]es judicata or claim preclusion precludes the relitigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them." *Fed'n of Hillside and Canyon Assocs. v. City of L.A.*, 126 Cal. App. 4th 1180, 1202 (2004). "Res judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Id.* "Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." *Id.*

Prior to turning to the merits of the res judicata defense, the Court addresses Manos' contention that the "law of the case" doctrine precludes this Court from considering the issue. According to Manos, because the state court denied a demurrer asserting res judicata because it "raise[d] issues outside of the pleadings, which are not properly considered on demurrer," the Court may not revisit the issue. (*See, e.g.*, Opp. to Wolf MTD, Doc. 30 at 10.) This argument is unavailing for two reasons. First, it is not clear that the state court's ruling as to the applicability of res judicata was on the merits; the ruling invokes a procedural defect in its ability to consider the argument. Second, even if the state court's ruling were on the merits, it would not prevent this Court from now considering the argument post-removal. The Ninth Circuit's "law of the case" doctrine refers to subsequent proceedings following the law of the case "established in a previous appellate decision." *Bollinger v. Oregon*, 172 Fed. Appx. 770, 771 (9th Cir.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                    Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.
_____

2006).  This is not the case here, and the Court may properly consider the merits of prior state court holdings.  *Id.*; *see also Preseau v. Prudential Inc. Co. of America*, 591 F.2d 74, 80 (9th Cir. 1979) (holding that a "federal court, within its discretion and for 'cogent' reasons, could grant summary judgment notwithstanding the earlier denial by the state court").  The Court will therefore analyze the res judicata arguments on their merits.

### a.  Final Decision on the Merits

First, the decision in the state proceeding is final and on the merits.  California law states "that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted."  *Merritt v. City of Sunnyvale*, 15-cv-02775-EJD, 2016 WL 8716247 at (N.D Cal. Sept. 16. 2016) (quoting *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000)).  The appeals court issued its decision on November 9, 2015.  Neither party explicitly states whether the appeals court decision was appealed to the Supreme Court, but the deadline to do so pursuant to California Rule of Court 8.500 has passed.  Moreover, the decisions of both the trial and appeals court went to the merits of Manos' argument; both found that his claims were precluded as a matter of law.  *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) (holding that "a judgment entered after the sustaining of a general demurrer is a judgment on the merits and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts").  Accordingly, the first prong of res judicata is met.

### b.  Identity of Claims

Next, the Court considers whether the present proceeding is on the same cause of action as the prior proceeding.  Under California law, "[t]wo proceedings are on the same cause of action if they are based on the same 'primary right.'"  *Fed'n of Hillside and Canyon Assocs.*, 126 Cal. App. 4th at 1202 (citation omitted).  "The plaintiff's primary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-138-JLS-JDE                                    Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id*. (citation omitted). "The scope of the primary right therefore depends on how the injury is defined. A cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty." *Id*. "An injury is defined in part by reference to the set of facts, or transaction, from which the injury arose." *Id*. at 1203. "The most salient characteristic of a primary right is that it is indivisible: the violation of but a single primary right gives rise to a single cause of action." *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)). Thus, even if the "plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery" in a subsequent action, "the same primary right is [still] at stake" as long as the "two actions involve the same injury to the plaintiff and the same wrong by the defendant." *San Diego Police Officers Ass'n v. San Diego City Employees Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

Manos describes the dispute as follows:

> "Plaintiff faults the named Defendants (1) for not complying with the applicable statutory provisions of the California non-judicial foreclosure statutory scheme; (2) creating new and additional debt without proper disclosures and authority; (3) converting the surplus from the foreclosure sale proceeds for their own financial benefit; (4) conducting a collusive and fraudulent foreclosure; and (5) attempting to collect a deficiency in the amount of $402,060.00 plus interest accruing on the Home Equity Plus mortgage loan.

(Opp. to Wolf Firm MTD, Doc. 31 at 6.) In short, Manos complains of wrongful foreclosure: the parties who foreclosed upon his property did not have authority to do so, and they did not engage in proper accounting of the proceeds of the sale. Manos also complains of improper attempts to collect a deficiency judgment post-foreclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                         Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.

In the instant lawsuit, Manos alleges that the Chase Defendants violated federal regulations on debt collection practices.  To the extent that these allegations go directly to whether the Chase Defendants had the power to foreclose upon and collect proceeds from the foreclosure sale, the Court concludes that such allegations implicate the same primary right as the 2013 action.  (TAC ¶ 249.)  Manos' arguments as to attempts to collect an alleged debt after the foreclosure sale was complete, however, relate to a different primary right, that of Manos to receive statutorily proper communications about alleged remaining debt.  (TAC ¶¶ 253-256.)  Accordingly, the Court concludes that the third prong of res judicata is not met as to Manos' allegations of improper attempts to collect a deficiency judgment.

This analysis applies equally to defaulting Defendants RCO and Northwest.  As to Manos' debt collection claims, he alleges that RCO and Northwest violated these laws in part by sending a foreclosure notice that "falsely stated that a debt . . . was owed to the creditor, JP Morgan" with knowledge that JPMorgan was not a lender, note holder, or creditor, and by distributing moneys obtained from the foreclosure sale to JPMorgan.  (TAC ¶ 244A-B D-F.)  These allegations relating to the power to conduct a foreclosure sale and collect and distribute the proceeds are barred by res judicata.  The single factual allegation remaining against RCO and Northwest is Manos' allegation that RCO and/or Northwest have begun a foreclosure proceeding, per Manos' credit report.  (TAC ¶¶ 244 G-H, 251, 255.)

### c. Identity of Parties

Finally, the court considers whether the parties in the second suit are the same parties or parties in privity with those in the first suit.  It is undisputed that Manos was the plaintiff in the 2013 action, and the Chase Defendants were defendants.  This element of res judicata is plainly met as to the Chase Defendants.

RCO and Northwest were not parties to the 2013 state action.  However, because Manos was a party to that action, the requirement of identity of parties is still met.  The relevant inquiry is whether "the party *against whom* res judicata is asserted was a party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                              Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.

to, or in privity with, a party to the prior adjudication." *Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 809 (N.D. Cal. 2008) (emphasis added).  *See also Bernhard v. Bank of America Nat. Trust & Savings Ass'n*, 19 Cal. 2d 807, 813 (1942).  Accordingly, the third prong of res judicata is also met as to the defaulting Defendants.

### d. Conclusion as to Res Judicata

For the reasons explained above, the Court concludes that res judicata bars Manos' FDCPA claims to the extent it seeks to readjudicate the issue of wrongful foreclosure and distribution of profits.  He may litigate only his allegations regarding improper attempts to collect a deficiency judgment.

### 2. 12(b)(6) Motion

The Chase Defendants move to dismiss the FDCPA allegations for failure to state a claim.  Specifically, they assert that (1) the Chase Defendants are not debt collectors; (2) Manos does not have standing to pursue the claims; and (3) the allegations do not plausibly show any violation of law.  (Chase MTD at 20-26.)

"The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts." *Ho v. ReconTrust Co. N.A.*, 858 F.3d 568, 571 (9th Cir. 2017) (citing 15 U.S.C. §§ 1692d–f, 1692k). "The FDCPA imposes liability only when an entity is attempting to collect debt." *Id.* (citing 15 U.S.C. § 1692(e)).

Manos alleges specifically that the Chase Defendants violated 15 U.S.C. section 1692e(2)(A), which prohibits, "in connection with the collection of any debt," a false representation of "the character, amount, or legal status of any debt."  (TAC ¶ 252.)  He also alleges that they violated 15 U.S.C. section 1692f(6)'s prohibition on "[t]aking or threatening to take any nonjudicial action to effect disposition or disablement of property."  (*Id.* ¶ 254-255.)  The facts Manos uses to support these claims, however, do not state a plausible claim that the identified communications were in connection with the

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                    Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.
_____

collection of debt.  Manos proffers a letter from Chase, dated July 3, 2014, that responds to an inquiry from Manos himself.  (TAC Ex. B, Doc. 1-1 at 83.)  The letter includes Chase's statement of details of the account, including the unpaid principal balance and accrued interest, and states that Chase's "understanding is that this loan is a valid and legally enforceable financial obligation with Chase."  (*Id*.)  The letter also notes that the amount stated is "not a payoff quote."  Manos concludes, based on this letter, that it was "an attempt to force Plaintiff to remit monies towards the debt."  (TAC ¶ 244C.)   Even considering the Ninth Circuit's "least sophisticated debtor" standard, the contents of this letter do not plausibly state any violation of the FDCPA.  *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).  The letter is informational and responds to an inquiry from Manos himself.  The statement that the loan is "valid and legally enforceable" is not accompanied by a request for payment, nor any quote for payment.  And Manos himself alleges that he has not been served with any judicial foreclosure complaint as of the date of his TAC.  (TAC ¶ 299.)  The Court agrees with the Chase Defendants that the facts alleged do not plausibly show that it was "trying to collect a debt."  (Chase MTD Reply at 11.)

   Manos also alleges that the Chase Defendants have violated section 1692f(6) by reporting to a credit agency that foreclosure proceedings had started.  (TAC ¶ 255.)  Manos points to an Experian credit report dated April 3, 2017, which includes information for a Chase account indicating that it was last updated on July 29, 2014.  (TAC Ex. C., Doc. 1-1 at 85-86.)  The report lists the account as "closed" and payment status as "foreclosure proceeding started."  (*Id*. at 86.)  The Court concludes that this information on Manos' credit report does not plausibly allege that Chase was engaged in debt collection or otherwise threatening a negative action.  Manos has not alleged facts to plausibly support a claim that Chase was engaged in "debt collecting." *See Santoro v. CTC Foreclosure Service*, 12 Fed. Appx. 476, 480 (9th Cir. 2001) (upholding district court's 12(b)(6) dismissal and not reaching issue of whether defendant was a debt collector because "the conduct, as alleged, does not constitute 'debt collecting'").

   Manos' allegations against RCO and Northwest are based on the same factual premise as those against the Chase Defendants, and the Court's conclusion that those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-138-JLS-JDE                                             Date: April 09, 2018
Title:  John C. Manos v. The Wolf Firm, A Law Corporation et al.

allegations are insufficient applies equally to RCO and Northwest.  Manos also alleges that the loan has been referred to RCO for collection and recovery.  (TAC ¶ 301.)  Manos then refers to the notice he received in the *Terry* class action, which makes clear that the defendants in that suit deny the factual allegations and that the court has not ruled on the merits of the case.  (TAC Ex. K.)  At best, Manos' reliance on this document is a legal conclusion, and in any event would not suffice to plausibly state a claim for FDCPA liability in this litigation.  The Court therefore DISMISSES Manos' fourth cause of action, for violation of the FDCPA, for failure to state a claim as to all three Defendants.  Manos is granted leave to amend as to this cause of action only.

The remaining causes of action sound in state law.  A "district court may exercise supplemental jurisdictional over state law claims 'so long as [they are] part of the same case or controversy as the federal claim." *Lombana v. Green Tree Servicing, LLC*, No. LA CV 14-8330 JCG, 2016 WL 4967641, at *3 (C.D. Cal. Sept. 15, 2016) (quoting *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).  If, however, "the federal claims that served as the basis for subject matter jurisdiction are eliminated, the district court has discretion to decline to exercises its supplemental jurisdiction and to remand the remaining state law claims to state court." *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1001 (N.D. Cal. 2013) (citing 28 U.S.C. § 1367(a)).  The Court concludes that judicial economy, convenience, fairness, and comity dictate that it should decide these issues of state law only if Manos can sufficiently plead a violation of the FDCPA on the part of the Chase Defendants.

## IV.    CONCLUSION

For the reasons stated above, the Court DENIES Manos' Motion to Remand and GRANTS the Chase Defendants' Motion to Dismiss as to Manos' Fourth Cause of Action for violation of the FDCPA.  Manos may amend his complaint only as to this cause of action and only to the extent he can do so consistent with his obligations under Federal Rule of Civil Procedure 11.  Any amended complaint must be filed with **twenty-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-138-JLS-JDE Date: April 09, 2018
Title: John C. Manos v. The Wolf Firm, A Law Corporation et al.

**one (21) days** of this Order. If no amended complaint is filed within twenty-one days, the Court will decline to exercise supplemental jurisdiction over the state law claims and will remand to state court.

Initials of Preparer: tg

**CIVIL MINUTES – GENERAL**

**18**